UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Davis Pitts, # 287624,<br><br>Plaintiff,<br><br>vs.<br><br>Chuck Wright;<br>Maj. Neal Urch;<br>Officer Pilgrim;<br>Corporal Church;<br>Dr. Bianco, *Medical Department*,<br><br>Defendants. | **C/A No. 8:12-1500-TMC-JDA**<br><br>Report and Recommendation |

This is a civil action filed by a state prisoner. Plaintiff was a pre-trial detainee when he delivered the pleadings to jail officials for mailing. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) (DSC), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

In an order filed in this case on June 8, 2012, the undersigned granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* and authorized service of process. Service of process was made upon Defendants Wright, Urch, Pilgrim, and Church, who, through counsel, filed their Answer on July 11, 2012. The Marshal on July 12, 2012, apprised the

Clerk of Court that the United States Marshals Service was not able to serve Defendant Dr. Bianco because Dr. Bianco does "not work at jail[.]" (ECF No. 21).

Hence in an order filed in this case on July 12, 2012, the undersigned apprised Plaintiff that Rule 4(m) of the Federal Rules of Civil Procedure provides that unless a defendant is served within 120 days after the complaint is filed, this court is required to dismiss an action *without prejudice* as to that particular defendant. In the order filed on July 12, 2012, the Clerk of Court was directed to send Plaintiff a Form USM-285 and summons. On July 13, 2012, the Clerk of Court mailed to Plaintiff a copy of the order of July 12, 2012, a blank summons, and a blank Form USM-285. Plaintiff did not submit a new summons or Form USM-285 for Dr. Bianco.

Under the holding of the United States Court of Appeals for the Fourth Circuit in *Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2010), the undersigned is calculating the 120-day period from the date on which the original summonses were issued. Since the original summonses were issued on June 8, 2012, the 120-day period for service of process expired on October 6, 2012. October 6, 2012, fell on a Saturday. Monday, October 8, 2012, was the Columbus Day federal holiday. Hence, under Fed. R. Civ. P. 6, service of process upon Dr. Bianco should have been effected by Tuesday, October 9, 2012.

Pursuant to the order issued on July 12, 2012, Plaintiff was given an opportunity to submit a new summons and Form USM-285 for Dr. Bianco but did not do so and did not otherwise seek an extension of time prior to the expiration of the 120-day period. Case law interpreting Rule 4(m) or its predecessor, "old" Rule 4(j), has uniformly held that dismissal

2

is mandatory unless good cause is shown if a defendant is not served within 120 days. *See*, *e.g.*, *Mendez v. Elliott*, 45 F.3d 75, 78–80 (4th Cir. 1995) (collecting cases).*

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss Dr. Bianco *without prejudice* for failure of service of process. The attention of the parties is directed to the Notice on the next page.

October 12, 2012  s/Jacquelyn D. Austin
Greenville, South Carolina  United States Magistrate Judge

---

*Other courts were not kindly disposed to the holding in *Mendez v. Elliott*. In *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 526 (D. Md. 1999) ("While the court acknowledges that it is not free to ignore valid Fourth Circuit precedent merely because the overwhelming weight of circuit court authority is to the contrary, . . . the court believes that the continued vitality of *Mendez* is seriously in doubt."), the district court concluded that *Mendez v. Elliott* was superannuated by *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996), and that the United States Court of Appeals for the Fourth Circuit, if given the chance, would overrule *Mendez v. Elliott*. *See also AIG Managed Market Neutral Fund v. Askin Capital Management, L.P.*, 197 F.R.D. 104, 107–12 (S.D.N.Y. 2000); and *Melton v. TYCO Valves & Controls, Inc.*, 211 F.R.D. 288, 289–90 (D. Md. 2002) ("Based on the Supreme Court's clear explication of the meaning of Rule 4(m) in *Henderson* to allow discretionary extensions of time for service of process and on the other circuit courts' unanimous rejection of the *Mendez* court's position, this Court believes that the continued vitality of *Mendez* is seriously in doubt. *Hammad*, 31 F.Supp.2d at 527."). Even if *Mendez v. Elliott* has been superannuated by *Henderson v. United States*, Dr. Bianco should be dismissed *without prejudice* for failure of service of process because Plaintiff was given an opportunity to submit a new summons and Form USM-285 for Dr. Bianco but did not do so and did not otherwise seek an extension of time prior to the expiration of the 120-day period.

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).