IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jason Davis Pitts,<br><br>    Plaintiff,<br><br>vs.<br><br>Chuck Wright; Major Neal Urch;<br>Officer Pilgrim; Corporal Church; Dr.<br>Bianco,<br><br>    Defendants. | ) Civil Action No.: 8:12-cv-01500-TMC-JDA<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)   **OF MAGISTRATE JUDGE**<br>)<br>)<br>)<br>)<br>) |

Plaintiff brought this action pro se, seeking relief pursuant to 42 U.S.C. § 1983. [Doc. 1.] On June 8, 2012, the Court authorized service of process and advised Plaintiff of his duty to keep the Court informed of his current address. [Doc. 9.] On October 8, 2012, Defendants Chuck Wright, Major Neal Urch, Officer Pilgrim, and Corporal Church filed a motion for summary judgment. [Doc. 55.] On October 9, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to adequately respond to Defendants' motion. [Doc. 56.] Under the *Roseboro* Order, any response from Plaintiff was due on or before November 13, 2012. [*Id.*] Subsequently, the Court issued a Report and Recommendation ("R&R") recommending Defendant Dr. Bianco be dismissed from this action for failure of service of process and advising Plaintiff of his right to file objections to the R&R. [Doc. 61.]

On October 18, 2012, Plaintiff filed a notice of change of address [Doc. 63], and the R&R was mailed to Plaintiff at the updated address. On November 13, 2012, the R&R was returned to the Court as undeliverable. [Doc. 67.] On November 19, 2012, the District Court adopted the R&R and ordered that Defendant Dr. Bianco be dismissed without

prejudice. [Doc. 69.] The District Court's Order was mailed to Plaintiff at the address he provided on October 18 [Doc. 70], but the Order was returned as undeliverable on November 27, 2012 [Doc. 72]. Plaintiff has not updated his address, responded to the *Roseboro* Order,[1] or otherwise contacted the Court since his October 18 notice of change of address.

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

---

[1] Although Plaintiff indicated in his notice of change of address that, as of October 3, he was no longer living at his previous address, the *Roseboro* Order, which was mailed to Plaintiff at his previous address on October 9, was not returned to the Court.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, he is personally responsible for his failure to respond to Defendants' motion to dismiss pursuant to the *Roseboro* Order and to advise the Court of the current address at which he can receive mail. The Court specifically warned Plaintiff the case would be subject to dismissal if he failed to update his address and thereby failed to meet a Court deadline. [Doc. 9 at 3–4.] Despite this explanation, Plaintiff has failed to update his address to one at which he can receive mail and has failed to respond to Defendants' motion for summary judgment within the time allowed by the Court's *Roseboro* Order.[2] Because Plaintiff has already ignored the Court's directive to keep the Court apprised of an appropriate address, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

---

[2] The Court notes that it is not clear whether Plaintiff received the *Roseboro* Order. [*See* Doc. 63 at 2 (notifying Court of change of address and requesting that all mail sent to Plaintiff between October 3 and October 14, 2012 be resent to the updated address).] However, because all mail sent to Plaintiff's updated address has been returned to the Court as undeliverable, the Court concludes it would be futile to send the *Roseboro* Order to Plaintiff's updated address.

3

IT IS SO RECOMMENDED.

          <u>s/Jacquelyn D. Austin</u>
          United States Magistrate Judge

December 3, 2012
Greenville, South Carolina

4